THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLIFFORD HEARNE, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>HUB BELLEVUE PROPRETIES, LLC, a Delaware Limited Liability Company, *et al.*,<br><br>   Defendants. | CASE NO. C16-1010-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 79). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff previously moved for partial summary judgment on the issue of damages, asking the Court to hold that he has incurred $259,385.60 in reasonable medical expenses due to the elevator accident that gave rise to this case. (Dkt. No. 46 at 22–24.) To contest those expenses, Defendants offered the reports of Dr. Ramon Kutsy, Dr. Patrick Bays, and William Skilling. (*See* Dkt. No. 60 at 132–148.) The Court held that while it would not consider Dr. Bay's and Dr. Kutsy's reports because Defendants had failed to properly disclose those reports, Mr. Skilling's report was admissible and created a genuine dispute over the value of Plaintiff's reasonable

1  medical expenses. (Dkt. No. 77 at 12–13.) Accordingly, the Court denied Plaintiff's motion for
2  summary judgment as to the issue of his reasonable medical expenses.

3  In a footnote, the Court noted Plaintiff's argument that Mr. Skilling lacks proper
4  credentials and that it was illegal for him to provide a medical opinion about the reasonableness
5  or medical necessity of Plaintiff's medical treatment. (*Id.* at 12–13 n.5.) Although the Court
6  found the argument to be inadequately supported, the Court invited Plaintiff to renew his
7  argument with proper support if he so desired. (*Id.*) Plaintiff took the Court up on its offer by
8  filing what he termed a "motion for reconsideration on [the] issue of reasonable and necessary
9  medical treatment." (Dkt. No. 79 at 1.) In the motion, Plaintiff argues that there is no genuine
10 dispute as to Plaintiff's reasonable medical expenses because Skilling (1) "offered no opinion on
11 the medical necessity of [Plaintiff's treatment]" and (2) lacks the necessary credentials to speak
12 to the necessity of Plaintiff's treatment. (*See id.* at 2–6.)

13 Because Plaintiff's motion raised new arguments, the Court construed Plaintiff's motion
14 as a renewed motion for summary judgment and gave Defendants an opportunity to respond.
15 (Dkt. No. 83 at 1–2.) In their response, Defendants argue that the Court should deny Plaintiff's
16 motion because (1) the motion is untimely; (2) Skilling gave a qualified opinion about the
17 necessity of Plaintiff's medical treatment; and (3) even if Skilling did not give a qualified
18 opinion about the issue, Dr. Christopher Hofstetter, Plaintiff's treating physician, offered
19 evidence in his deposition that some of his treatment was unrelated to the elevator accident. (*See*
20 Dkt. No. 85 at 3–8.)

21 **II.    DISCUSSION**

22 **A.    Nature of Plaintiff's Motion**

23 The parties make several arguments on the assumption that Plaintiff's motion is properly
24 understood as a motion for reconsideration. For example, Defendants argue that Plaintiff's
25 motion was untimely because Plaintiff did not file the motion in 21 days, (*see* Dkt. No. 95 at 1–
26 2) (citing W.D. Wash. Local Civ. R. 7(H)(2)), and Plaintiff argues that Defendants should not be

ORDER
C16-1010-JCC
PAGE - 2

allowed to raise new evidence, (*see* Dkt. No. 87 at 2–3). These arguments misapprehend Plaintiff's motion. The motion addresses arguments that the Court previously declined to consider because those arguments were inadequately briefed. (*See* Dkt. No. 77 at 12–13 n.5.) Thus, the motion is not a motion for reconsideration; it is a renewed motion for summary judgment. Accordingly, the Court deems the motion timely and will, in fairness, consider Defendants' new evidence and arguments.[1]

### B. Skilling's Expert Opinion

In the "brief record review" section of Skilling's expert report, Skilling quotes extensively from the reports of Dr. Kutsy and Dr. Bays. (*See* Dkt. No. 60 at 140–44.) Those quotes express Dr. Kutsy's and Dr. Bays's respective opinions that Plaintiff received unnecessary medical treatment. (*See, e.g.*, *id.* at 144) ("[Plaintiff] would have fully resolved from the effects of the subject incident . . . within approximately 12 months . . . . In my opinion, [Plaintiff] does not require any further treatment . . . ."). But Skilling does not express the same opinion in the "summary of findings and conclusions" section of his report. Instead, Skilling focuses on whether and to what extent Plaintiff is employable. (*See id.* at 144–48.) Skilling's focus on employability is evident from the summary of his seven "rehabilitation opinion[s]," which are as follows:

1. [Plaintiff] is currently employable as a database administrator;
2. If Dr. Kutsy is assumed to be correct, [Plaintiff] has been fully employable as a Database Administrator continuously since approximately June 1, 2016;
3. If Dr. Bays is assumed to be correct, [Plaintiff] has been fully employable as a Database Administrator continuously since approximately March 1, 2017;
4. If Dr. Robinson, Dr. Daly, and Dr. Wendt are assumed to be correct, [Plaintiff] has been fully employable as a Database administrator continuously since July 18, 2017;
5. If Dr. Hofstetter is assumed to be correct, [Plaintiff] has been fully employable as a Database Administrator continuously since February 5,

---

[1] For the same reason, the Court GRANTS Plaintiff's motion for an extension of time to file a motion for reconsideration (Dkt. No. 80).

ORDER
C16-1010-JCC
PAGE - 3

2018.
6. Based upon his transferable skills, knowledge, and other qualifications, [Plaintiff] has been employable in less stressful alternative occupations continuously since the dates listed above;
7. It is evidence from a review of the records that [Plaintiff] has reached maximum medical improvement and is no longer receiving treatment for conditions associated with the subject incident. Therefore, a Life Care Plan associated with the subject incident is not indicated.

(*Id.* at 147–48.) Of these opinions, only the seventh is arguably related to the value of the medical expenses that Plaintiff incurred due to the elevator accident. But Skilling's seventh opinion is unclear—Skilling does not say when Plaintiff "reached maximum medical improvement"—and Skilling does not state the factual basis for the opinion. (*See id.*) Thus, Skilling's report does not create a genuine dispute over the value of Plaintiff's reasonable medical expenses.[2] *See* Fed. R. Civ. P. 56(a); *Walton v. U.S. Marshals Serv.*, 476 F.3d 723, 730 (9th Cir. 2007) (quoting *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1318 (9th Cir. 1985) ("Expert opinion is admissible and may defeat summary judgment if . . . the factual basis for the opinion is stated in the affidavit . . . .")

### C. The Deposition Testimony of Plaintiff's Treating Physician

At Dr. Hofstetter's deposition, Defendants asked Dr. Hofstetter whether he believed that Plaintiff's lumbar surgery was unrelated to the elevator accident. (*See generally* Dkt. No. 86.) In response, Dr. Hofstetter repeatedly stated that he could not say on a more probable than not basis that Plaintiff's lumbar condition was related to the elevator accident. (*See, e.g.*, *id.* at 15) (Question: "[C]an you say on a more probable than not basis the lumbar condition . . . is related to the elevator accident?" Answer: "No, I can't. I cannot."). In fact, when Dr. Hofstetter was asked by Plaintiff's own counsel whether "a negative history of lower back complaint before the elevator accident [could] be a factor to consider as to whether his lower back pain and surgery was caused by the elevator accident," Dr. Hofstetter responded, "I mean, yea, again . . . now sort

---

[2] Because the Court concludes that Skilling did not properly articulate an opinion about the reasonableness of Plaintiff's medical expenses, the Court need not reach the parties' arguments about whether Skilling was qualified to give such an opinion.

of looking at it as more probably than nonprobable, I would say it's -- It doesn't fit together. . . . I have a hard time to link those two together." (*Id.* at 19.) These statements, which are plain and unambiguous, create a genuine dispute about the value of the medical expenses that Plaintiff incurred due to the elevator accident. Accordingly, the Court DENIES Plaintiff's request for summary judgment as to that issue.[3]

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration (Dkt. No. 79). The Court further GRANTS Plaintiff's motion for an extension of time to file a motion for reconsideration (Dkt. No. 80).

DATED this 27th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] After his deposition, Dr. Hofstetter signed a declaration that contradicts the statements he made during his deposition. (*See* Dkt. No. 88-1 at 11–14.) It is up to the jury to resolve that contradiction at trial. *Cf. Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (observing the jury usually resolves inconsistencies between deposition testimony and declarations submitted to oppose summary judgment).